Please be seated. Your Honor, second case for the morning call, 209-1286, Roller v. Gene Larson, Rural Commissioner for Chirona Township, Township of Chirona. On behalf of the appellant, Ms. Jennifer Beagle. On behalf of the appellant, Mr. Charles Ucronow. Ms. Beagle. Ms. Beagle. You may proceed. Thank you. May it please the Court, Counsel. Your Honor, it's Jennifer Beagle on behalf of the Township of Chabinaw and its Highway Commissioner, Gene Larson. The trial court was correct in granting summary judgment in favor of the defendants on the basis of common law dedication. The error occurred not at the motion to reconsider stage, but rather later than that at the motion to clarify stage when the court ruled instead of a common law dedication it was going to find a prescriptive easement. Counsel, can I interrupt you because we have some concerns whether or not we have jurisdiction. And one of the concerns is that there is law that says that if you're the prevailing party, meaning the judgment was entered in your favor, you can't appeal that. Under the old writs, you could file a writ of error and you could seek review in the appellate court through a writ of error regarding a judgment that was in your favor that you felt wasn't fully satisfying or didn't give you full satisfaction, but you couldn't appeal as you are doing right now a judgment that was rendered in your favor. And this case was rendered in your favor to the extent that the plaintiffs lost their claim and you hence went without day, meaning you didn't have to come back to court again. Now, the trial court granted you relief to the extent that he said there was a prescriptive easement, but he also said something that you didn't like, which was the nature and extent of that. But even though you got some determination that you had a right, you're not supposed to be able to prevail that I'm aware of. And basically what happened at the trial court level was it initially found in our favor that a common law dedication exists. The common law dedication is 66 feet wide. The road in question that we're talking about here is two-tenths of a mile long. It connects to three different roads. Where the rollers live is called Clapsaddle Road. The road in front of that is the Main Street. And that's called Shavener Grove Road. And if you take a look in the record, it's C-130. It's the map. You didn't answer my question or you didn't get the gist of my concern. I'm getting there. You filed an affirmative defense. Go ahead. Okay. Thank you. Attached to the exhibit of Steve Dwyer, who is IDOT's Highway Transportation Manager, is a map. And this map depicts Main Street. And as you can see, Clapsaddle Road again, which is the rollers live. The Main Street in front of that is called Shavener Grove Road. And then there's another street just perpendicular to Main Street. And that's called East Street. And this road as it originally existed was 66 feet wide. And what happened when the trial court entered its ruling finding, rather than a common law dedication that it prescripted easement, and then further limiting it to 12 to 14 feet, or an average of the narrowest and widest measurements of the road taken, was it effectively prevented the public from using this road. And how is that shown? That's shown by the affidavits attached to our Motion for Assembly Judgment. That's shown by the testimony and the evidence presented at the use hearing. Those that use this road are school buses. They're emergency vehicles. They're commercial transportation vehicles. They're farming equipment. And there's farming land all around surrounding this property. And what happened is when the easement was limited to 12 to 14 feet, we have farming equipment that won't fit through this road. We have school buses that can't possibly make a U-turn on this road. And while the trial court did find in our favor, he effectively prevented the public's use of this road by limiting it to 12 to 14 feet. And that's one of the basis for our appeal here today. And we operate on rules here, rules that give us jurisdiction. What rule applies? The rule that the trial court found that the public was entitled to use this road. Initially granting us... I mean, we're 303, 301, 304A. You cited 304A, but on what basis? 304A on the basis that the case is over. That there's nothing pending in Rollers v. Township of Chabonau in the trial court anymore. The trial court has found in our favor that the public is entitled to use this road yet we can't. That's the basis. You want the battle of Austin Ward? 301 or 303, you didn't need 304A. 304A indicates it's something still outstanding. What's still outstanding? What's still outstanding is the public's right to use this road. Then it's not over. One of the things that the trial court found was for us to go out and take measurements on this road. And the width is an average between... We got that part. As it sits now, it's 12 to 14 feet. You filed a motion for summary judgment, correct? We did. Normally a motion for summary judgment when there is no counterclaim filed or counterpetition filed seeking declaratory rights or determinations says, in essence, that the plaintiff hasn't presented sufficient material issues of fact and hasn't established the probability of success on the merits and in which case the judge is supposed to dismiss the cause and grant summary judgment to the defendant. If that was the appropriate summary judgment motion, how does that have anything to do with what you're arguing here? Which suggests that if he denied the summary judgment motion, you're making arguments that are not germane to the merits of his denial or grant of your motion for summary judgment. In addition thereto, if you filed a motion claiming that you had as a matter of right to a summary judgment based upon a prescriptive easement but didn't indicate what the factual elements of that prescriptive easement was, how can we determine that this judgment was adverse to you when in fact it was dismissed with prejudice? That would be based upon the Illinois statute that we cited to regarding the width of the road. Then why don't you file a new cause of action claiming that you have a prescriptive easement and based upon the prescriptive easement, you're entitled to something more than what the trial court gave you. Now whether or not race judicata kicks in or collateral estoppel or estoppel by judgment or as Justice Hutchinson has suggested, maybe this case isn't final because you claim that you think that there's still issues relating to the nature and extent of this prescriptive easement, although the trial court already ruled. Part of the problem is you basically were seeking declaratory rights in that property, but you didn't file a counterclaim. You filed a motion to dismiss. Did you not? We filed a motion for summary judgment asking the court to find that the common law dedication that we have that's been fully executed we should be allowed to file that and record it with the report. Well if you filed a motion for summary judgment and there was only one petition complaint on file, and if you didn't file a petition or complaint counterclaim indicating what rights you wanted summary judgment to be entered on, how did the trial court err in granting whatever it did or ruling on whatever it did? In our answer to the plaintiff's complaint to White Title, we filed affirmative defenses and the affirmative defenses that we filed mirror the basis for our motion for summary judgment. And why didn't you file in addition to your affirmative defenses counterclaims a declaration that these affirmative defenses entitled you to some claim of right, title, or interest in this real estate? They were filing a claim saying that they have the right to quiet title. Why didn't you file a claim or a counterclaim saying you have the right to quiet title? Our counterclaim would have been filed against the rollers and instead of filing a counterclaim we filed affirmative defenses basically asking for the same relief. If this action had been filed by the title company against, you know, if the rollers had sued the title company, then the title company could come against us and file a counterclaim to bring us in. But since the rollers were a party and the township is a party, instead of filing a counterclaim against the township, we filed affirmative defenses to the complaint to quiet title asking for the same relief that you're suggesting we should have asked for. So you represent the title company and not the township? I represent the township. Your motion for summary judgment, if I have it correct, says that you're entitled to judgment because an easement over the gravel road was created by a common law dedication. Two, plaintiffs were equitably stopped from denying easement, and three, public use had established a prescriptive easement over the property. Correct. You got what you asked for. We didn't get what we asked for. What we asked for is for the public to be able to use this road. We got a portion of what we asked for. That's not in dispute. How can you say that when there's no pleading that indicates what you think the width, breadth, and the nature and extent of the roadway was? Our affirmative defenses suggest that we were entitled to a common law dedication, and the dedication that's at issue here specifically mentions the 66-foot right-of-way. So it is attached as an exhibit to our affirmative defenses. It's been attached all along. It was attached to our motion for summary judgment. It's on record in this case. There was only one pleading file that I'm aware of that sought relief from the court other than your motions to dismiss, and the court dismissed the complaint. The court dismissed the complaint and granted us partial relief of what we were requesting. In order to use this road, in order to maintain this road properly, this is a gravel road, the township needs and has been receiving motor fuel tax funds for being a road. And a road is defined, pursuant to Illinois statute, as at nothing less than 40 feet in width. And that's the error here. The error was when the trial court limited it to 40 feet in width. In your allegations, did you indicate what the township's position was relative to the nature and extent the width, the length, the breadth of the prescriptive easement was? Yes, and that would be in our fourth affirmative defense, in which states that the plaintiff's claim for equitable relief are barred by the doctrine of common law dedication. And the dedication at issue here, it's also attached it's got the dimensions of the property, and it references 66 feet in width. The only issue was, is that this dedication was unrecorded, and that was part of the issue of our common law dedication, is whether or not an unrecorded dedication is binding against subsequent property owners. And the DeRosa case talked about that and mentioned about how at a minimum, notice is required in order for an unrecorded dedication to be binding against subsequent property owners. And the issue with the notice here, and the DeRosa court specifically talks about utility poles being in someone's backyard. And the notice in this case would be, the rollers admitted that they saw the road, although they labeled it as spilled gravel. And that road in issue is what's contained here on this dedication. Did your motion to dismiss seek additional relief that is a declaration of the rights of the parties? Our motion for summary judgment asked for relief, and that it asked for a common law dedication. And the dedication that it was referring to mentions the dimensions of the property, including the 66 foot right of way, known as Main Street. So you sought affirmative relief in a motion to dismiss? A motion for summary judgment. Pardon me, a motion for summary judgment. Yes. Without an underlying counterclaim. We didn't have a specific counterclaim on file, but we did have an affirmative defense on file, which is the same thing. Which is not the same thing, I'm sorry. Somewhere along the line there was also filed a motion to record the dedication? Right, we filed a motion. Where did that come into play in this process? After the court found that we were granted the common law dedication, we filed our motion to record this dedication. So it would be of record in the DeKalb County recorder of deeds, and the court found that it was premature to do that as the plaintiff was intending on filing a motion to reconsider, which ultimately was done. The plaintiff did file the motion to reconsider where the new determination, where Judge Klein said, I believe I've made a mistake, what I meant to do was at this prescriptive easement. That's exactly correct. But in that prescriptive easement, or in the transcript as I reviewed it, was there any discussion? Or is it all there? Was there any discussion about the width of this easement? There was no discussion about the width of the easement at the trial court level regarding the finding of prescriptive easement. That was the basis for the Roller's motion to clarify. And it was at the motion to clarify stage where he limited it to 12 to 14 feet. And after that was done was when we filed our appeal, after we realized what the trial court judge did was effectively prevent the public from using this road, the public that needs to use this road. Any other questions? Thank you. Mr. Cronauer? Is that how you pronounce it? Yes, Your Honor. Thank you. You may proceed. Your Honor, before I start, I'd like to clarify a few things. In this motion for summary judgment, counsel and their clients did receive one of the things they asked for in that motion for summary judgment, which was one of three items, either the comment, dedication, estoppel, or a prescriptive easement. And that's what the court found. So they did get some of the relief that they asked for. As far as Judge Hutchinson, your question about the motion to record the dedication, there was a motion to record the dedication filed prior to the motion for summary judgment, wherein they attempted to have the common law dedication recorded, and the judge denied that motion. So in this instance, that was an attempt by them as another motion for summary judgment to get that recorded. The court denied that. Then they came back with a summary judgment motion later. As far as the width of the prescriptive easement, there's an affidavit by a surveyor, William Hanna Surveyors, showing the width of that prescriptive easement. And that was part of your response to the motion, or their motion? That was January of 2009, Judge. I'm not sure exactly. Somebody must have attached it so that we know it was there. Right. I attached it. But as far as the issue that they're seeking common law dedication, assuming we get past the jurisdictional issue, it does place me in a rather strange position that I argue in favor of one of the items that they're asking for, which is a prescriptive easement. So that does put me in a funny situation. Well, then you understand why we're having problems with what we need to do. Absolutely. Absolutely. But if the court does get past the jurisdictional issue, and I think that it cannot because the court made a decision and ran the decision in their favor for a prescriptive easement, which is what they asked for, and it's 12 to 14 feet wide, according to the surveyor's affidavit. But if the court does get past the jurisdictional issue, I'd like to address very briefly the common law dedication the counsel talked about. In every case cited by them in their brief, every single case, the common law dedication was allowed only after the court in every case found that there was actual notice. The court calls it constructive notice, but in every case there was actual notice. There was a gas pipeline where it was a conspicuous installment of the pipeline before the subsequent purchaser bought it. There were, in Commonwealth Edison case, there were telephone poles, telephone wires that were installed before the subsequent purchaser bought it. So the court in those cases said, look, they have actual knowledge, so if you have actual knowledge, we are not going to impute this knowledge to you. So I just want to make that clear. All right. Well, when your client started renovation on this particular property, I'm looking at what I have. It appears that they saw some gravel in their front yard. That's correct, Your Honor. Well, what did they attribute that to? Well, the affidavit states that my client, before he purchased the property, saw a load of gravel in the front yard, in the front lawn area. He subsequently had a discussion with the township either road commissioner or super road commissioner, asked him about the pile of gravel, and the township road commissioner's response was that will be taken care of. It's not a problem. We'll talk about it later. We'll walk through the woods. That's very clear in his affidavit that he's asked that specifically. Some of the other affidavits refer to a plat. This was never that dedicated as a main street. This was an older area. Chaminade Grove was no longer in existence, and the affidavit shows that where this alleged driveway goes through, it ended in, there was a railroad track behind the property. This alleged driveway ended there. There was a creamery. There was an area where sand was sold. It was a train stop for the Chicago Northwestern Railroad. It was never dedicated as a main street. My client did have questions, and he asked, and he was told it was not a road. Ms. Beagle, I think, referred to a document from a state witness or attached to an affidavit of a state witness that does indicate some road configurations there. That does, Your Honor. That is for taxes that are received from the state. There's no question that that map was within the state of Illinois' mapping system as far as the engineers were concerned. However, that it was not a public document, and it had nothing, my client had no knowledge of that particular document, and the DeRosa case says that they have to have actual knowledge of what is occurring or what exists on that property before they buy it, and they didn't have this actual knowledge. But there's no question that that document exists. So then the question might be, you say it's not a public, it's not something that you could walk in and say, I want to see a map for this area with the Department of Transportation. With the Freedom of Information request, I'm sure you could receive it, but it's not readily accessible. The record shows, and Anthony, who was my client, searched the construction payouts, construction loan, a search by a telecom company was done on 10 different occasions every time they had a payout. They did search the records, they did look at plat maps, they did look at the Chevron Township map, which also shows a dead end. But, yes, that's correct. Well, so in every case that is cited by counsel, there is either actual knowledge or the document in question that the common law dedication was actually recorded. I'd like to stop you and tell you the reason why. What you're telling us is, at worst, or at best, depending on your perspective, there's a material issue of fact as to whether or not there was a common law dedication, correct? Because the trial court never made that rule. And there was never any trial. So to discuss the merits of a motion for summary judgment when it appears that there are material issues of fact is really not justiciable. So why don't we discuss either the prescriptive even, which was the judgment that was entered, or the lack of jurisdiction in this court to consider the merits, or the lack of jurisdiction in the trial court to render such a judgment, because there was no pleading on file seeking such a judgment. Willie? Well, Judge, I agree with you. I think it's not justiciable at this point. I believe that a decision was made. The judge came to a decision that it was a prescriptive easement of 12 to 14 feet. Now, whether or not the trial court had jurisdiction to render that, in view of the fact that there was no counterclaim, I think this is a situation where we have a judge in DeKalb County, a very common sense, fine judge, who made a decision, a common sense decision, and I think the people live with it. And now, whether or not that judge had jurisdiction, I think that he did. And he made that decision. Now, whether this court had jurisdiction, I agree, Judge. I don't think it does. What remedy would you be asking for? Well, that's when I first started, Your Honor. The remedy that, I mean, the arguments I'm making, I'm making the argument on behalf of my opponent, is that the prescriptive easement was 12 to 14 feet. And we were willing to live with that and accept it. And the reason why my clients have figured they want this at an end and to go no further. Well, your prayer for relief merely asks that the judgment be affirmed. That's correct, Your Honor. Do we have jurisdiction under 304A or under 301 or 303? I don't think we have it under 304A, Your Honor. I believe 301 It says every final judgment is appealed as a right. I think under that section of the court. It says no other step is jurisdictional. Thank you. Thank you. As to the jurisdictional issue, our jurisdictional statement in our opening brief says that jurisdiction of this court is premised on rules 301, 303A1, and 304A. 304A and all the other rules require us to file our notice of appeal within 30 days. We did that. Jurisdiction was not contested by the rollers, and therefore any argument asked of them about jurisdiction should be waived. That's because you know we have an independent obligation to determine whether we have jurisdiction. Right. And I would just add that the court order was entered. 304A language was given. We appealed within 30 days. Therefore, jurisdiction is proper. In terms of 304A and whether or not it's final and appealable and whether or not anything else is still pending in the trial court and whether or not we got what we wanted, we did not. Is there anything else pending in the trial court right now? No. Other than clarification of this 12 to 14 feet and measure it at its widest and narrowest, which has not been done. What do you mean by clarification? The plaintiffs filed a motion to clarify along with their motion to reconsider at the trial court level. The motion to reconsider was asked to the summary judgment granting of common law dedication. Did you file the motion to reconsider before or after you filed your notice of appeal? We didn't file the motion to reconsider. The motion to reconsider was filed by the plaintiff. What about the motion for clarification? That was filed concurrently with the motion to reconsider by the rollers. After that was the motion for summary judgment was granted in November of 2008. The motion to reconsider was initially granted in September. September 14th of 2009. The motion to clarify and the reason for our appeal was not decided by Judge Klein until November of 2009. Once we realized that we were going to get this easement, which is in our favor, but that the granting of the easement and limiting it to the 12 to 14 feet effectively made it so that we couldn't use this road anymore. What about the motion to reconsider? Was that filed and adjudicated or ruled upon? Yes it was. When was it ruled upon? Initially in September of 2009 when the judge denied the motion to reconsider. But rather than uphold it as to common law dedication. When was the notice of appeal filed? 30 days after the November... of the motion to clarify. I asked the motion to reconsider. Your response was the motion to clarify. A motion to clarify is not a post-judgment motion. It does not stay the appeal time unless this isn't what you call it. A motion to reconsider that attacks the judgment does stay the notice of appeal time. So my question to you is or put another way, what I'm trying to get to is whether or not we have jurisdiction based upon a timely notice of appeal. If the notice of appeal was filed more than 30 days after the denial of the motion to reconsider we don't have jurisdiction. The motion for clarification not being a post-judgment motion attacking the judgment is irrelevant for purposes of determining the state. So your response to me is irrelevant. I want to know when the motion to reconsider was ruled upon and whether or not there was a notice of appeal filed within 30 days from the entry of that ruling. The motion to reconsider was ruled on twice. It was ruled on in September of 2009 and again in November of 2009. If you look at the report of proceedings, we were up twice. We were up more than twice on the motion to reconsider. It was argued. The court needed time to review everything. We went back and forth time and time again. The final decision was rendered in November of 2009. That was the final decision where the judge said I'm going to correct my prior ruling. I'm going to find that a prescriptive easement exists over the road and I'm going to limit it to 12 to 14 feet. That was the final order. We appealed within 30 days of that order. Therefore, it was timely. If I could just address two other things really quickly. We are asking you to review two of the trial court's rulings. The first one was that a common law dedication did not exist when it found that instead it was granting us a prescriptive easement. We've established the common law dedication elements here. We have the dedication intent acceptance on its face as proof of the common law dedication. The second issue that we would ask your Honor to consider is whether or not the court should have limited the prescriptive easement to 12 to 14 feet. We submit to you that the trial court should not have limited it to 12 to 14 feet for two reasons. The first reason is that the township received motor fuel tax funds for almost 40 years for this road and the road is defined according to Illinois state statute as 40 feet, not less than 40 feet wide. That is what we ask you to review of the trial court's decision and we thank you for hearing this case. The case will be taken under advisement. We have a decision rendered at nap time.